UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SARA BARWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04225-SLD |
| | ) |
| HEART AND HOME IN HOME CARE, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff's Motion and Memorandum of Law in Support of Motion for Final Default Judgment and Damages, ECF No. 11. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND[1]

Beginning on March 12, 2023, Plaintiff Sara Barwick was employed as a caregiver by Defendant Heart and Home in Home Care, LLC. Plaintiff performed her duties as a caregiver but was not paid for all the hours she worked. Plaintiff's wage rate was $15 per hour but she was not compensated at that rate and was not paid her overtime wages at a rate of 1.5 times her hourly rate. On December 15, 2023, Plaintiff filed a four-count Complaint, ECF No. 1, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 by failing to pay her minimum wages and failing to pay her overtime wages, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1–15 by failing to pay her minimum wages and failing to pay her overtime wages. Defendant was duly served on January 25, 2024, *see* Aff. Serv., ECF

---

[1] The facts related herein are taken from the Complaint, ECF No. 1, and the Court accepts the allegations relating to liability as true by virtue of Defendant's default, *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

1

No. 7 at 2, but failed to file an answer or other responsive pleading by the deadline of February 15, 2024, *see* Mar. 8, 2024 Text Order (Hawley, M.J.). On Plaintiff's motion, the Clerk entered Defendant's default. Mot. Entry Default, ECF No. 8; Mar. 11, 2024 Entry Default. Plaintiff then filed this motion for default judgment pursuant to Federal Rule of Civil Procedure 55 seeking damages, attorneys' fees, and costs plus the imposition of post-judgment interest. Mot. Default J. 1, 6. At the Court's direction, *see* Jan. 23, 2025 Text Order, Plaintiff provided additional documentation to support her requested amount of wages due, and now seeks a total judgment of $6,003.50 plus the imposition of post-judgment interest.[2] Pl.'s Suppl. Decl. 2, ECF No. 12.[3] Plaintiff additionally seeks the Court's leave to engage in discovery pursuant to Rule 69(a)(2) to aid in collection of the judgment. Mot. Default J. at 6–7.

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Upon a defendant's default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered

---

[2] Plaintiff is automatically entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). The Court recognizes that "expressly awarding" post-judgment interest to Plaintiff is therefore "redundant," *id.*, but nevertheless chooses to briefly address it because it was expressly requested by Plaintiff.

[3] The Complaint sought judgment against Defendant for unpaid regular wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs. Compl. 6–7. The motion for default judgment sought additional damages, such as unpaid mileage reimbursement, but Plaintiff did not include any documentation or explanation to support the requested amount, *cf.* Jan. 23, 2025 Text Order, and "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c). Plaintiff's Supplemental Declaration clarifies that she is no longer seeking those additional damages, such that the motion for default judgment comports with the relief requested in the Complaint and therefore complies with Rule 54(c). *Compare* Compl. 6–7 (seeking unpaid regular wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs), *with* Pl.'s Suppl. Decl. 2 (same).

2

ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Even after default has been entered, thereby establishing the defendant's liability, "the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

If satisfied that the complaint states a claim for relief, the court should "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotation marks omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A hearing on damages should be held "unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

II.    Analysis

    a.  Liability

Plaintiff brings four claims: The first and second claims assert that Defendant failed to pay her minimum wages in violation of the FLSA and IMWL, and the third and fourth claims assert that Defendant failed to pay her overtime compensation in violation of the FLSA and IMWL. Compl. ¶¶ 21–46. "Because the IMWL parallels the FLSA so closely, courts have generally interpreted their provisions to be coextensive, and so have generally applied the same analysis to both." *Callahan v. City of Chicago*, 78 F. Supp. 3d 791, 821 (N.D. Ill. 2015), *aff'd*, 813 F.3d 658 (7th Cir. 2016). The Court will first address Plaintiff's minimum wage claims together, then her overtime compensation claims together.

Because Defendant is in default, the Court accepts as true the factual allegations of the Complaint—except those relating to the amount of damages. *See Wehrs*, 688 F.3d at 892. Plaintiff alleges that she was employed by Defendant beginning in March 2023, Compl. ¶ 7, and that her regular rate of pay was $15 per hour, *id.* ¶ 15. In 2023, the federal minimum wage was

$7.25 an hour, 29 U.S.C. § 206(a)(1)(C), and the Illinois state minimum wage was $13 an hour, 820 ILCS 105/4(a)(1). When an employee is subject to both federal and state minimum wage laws, that employee is entitled to the highest of the minimum wages. 29 U.S.C. § 218(a); *see also Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F. Supp. 3d 870, 883 (N.D. Ill. 2022). The Complaint does not allege that Plaintiff was paid less than the statutory minimum of $13—it only alleges that Plaintiff was not paid at a rate of $15 per hour. Compl. ¶¶ 15–16. The IMWL and FLSA provide causes of action for an employee to recover only if she is paid *less* than the statutory minimum. *See* 820 ILCS 105/12(a); 29 U.S.C. § 216(b); *see also Singer v. Reg'l Transp. Auth.*, 338 F. Supp. 3d 791, 794–97 (N.D. Ill. 2018) (dismissing FLSA and IMWL minimum wage claims because the plaintiff did not allege that he was paid less than the statutory minimum wage); *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (affirming dismissal of FLSA claims because the plaintiffs failed to plead a single workweek in which they were paid, on average, less than the federal minimum wage). Taking the Complaint's factual allegations as true, Plaintiff has not shown that Defendant violated the minimum wage provisions of the IMWL or the FLSA, and therefore, the motion for default judgment as to Counts I and II is DENIED.

In Counts III and IV, Plaintiff alleges that she "was directed by Defendant to work, and did work, well in excess of forty (40) hours per week in one or more individual workweeks," Compl. ¶ 38, but she was not compensated at the statutorily required rate of 1.5 times her regular rate of pay, *see* 820 ILCS 105/4a(1); 29 U.S.C. § 207(a)(1). The well-pled factual allegations of the Complaint indicate that Defendant violated the IMWL and FLSA by failing to pay Plaintiff the overtime compensation she is owed. *See Singer*, 338 F. Supp. 3d at 794–97 (finding that the plaintiff stated FLSA and IMWL claims for overtime compensation because he alleged that he worked over forty hours in given workweeks and was not paid 1.5 times his regular rate of pay).

The Court therefore finds it proper to enter default judgment against Defendant pursuant to Rule 55(b)(2) on Counts III and IV.

    **b. Damages**

In her motion for default judgment, Plaintiff has requested specific amounts and has submitted documentary evidence and affidavits in support of her requests, thereby rendering a hearing on damages unnecessary. The amounts requested are "capable of ascertainment" from this evidence. *See Dundee Cement*, 722 F.2d at 1323. The only task remaining for the Court is to determine whether the relief Plaintiff requests is supported by the facts alleged in the Complaint and the evidence. *See e360 Insight*, 500 F.3d at 602.

    **i. Actual Damages**

Plaintiff's regular rate of pay was $15 per hour, Compl. ¶ 15, and she seeks $588 in unpaid overtime wages, Mot. Default J. 34. Plaintiff provides a declaration, signed under penalty of perjury, in which she attests that she is owed $663 in actual damages. Pl.'s Suppl. Decl. 2. But as explained above, Plaintiff has not alleged a violation of the minimum wage provisions of the IMWL or the FLSA and is therefore not entitled to the $75 "that represents missing minimum wages." Mot. Default J. 4.

Plaintiff has, however, plausibly alleged a violation of the overtime compensation provisions of the IMWL and FLSA which require that an employee be paid 1.5 times her regular rate for any hours she works over 40 hours in an individual workweek. *See* 820 ILCS 105/4a(1); 29 U.S.C. § 207(a)(1). Courts apply the same principles in determining overtime compensation due under both the IMWL and FLSA. *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665, 672 n.3 (7th Cir. 2010). "For purposes of the overtime calculation, an employee's regular rate of pay is the amount of compensation he receives per hour." *Id.* at 673 (citing 29 C.F.R.

§ 778.109). "If the employee's regular rate of pay is higher than the statutory minimum, his overtime compensation must be computed at a rate not less than one and one-half times such higher rate." 29 C.F.R. § 778.107.

Here, the relief requested is supported by the facts alleged in the Complaint, the motion for default judgment, and Plaintiff's affidavit. *See Pharmerica Midwest, LLC v. Bravo Care of Galesburg, Inc.*, No. 4:20-cv-04023-SLD-JEH, 2021 WL 1061970, at *2–3 (C.D. Ill. Mar. 19, 2021) (finding that a spreadsheet detailing unpaid invoices and an accompanying affidavit constituted sufficient documentary evidence to support the plaintiff's requested damages). Accordingly, the Court finds that Plaintiff is entitled to $588 in unpaid overtime compensation.

      **ii.**    **FLSA Liquidated Damages**

Plaintiff seeks liquidated damages equal to the amount of her unpaid overtime compensation pursuant to the FLSA. Pl.'s Suppl. Decl. 2; *see* 29 U.S.C. § 216(b) (providing that an employer who violates the FLSA must pay their employee her "unpaid overtime compensation" and "an additional equal amount as liquidated damages"). Under the FLSA, "liquidated damages are mandatory" unless the court finds that the employer acted in "good faith" and "reasonably believed that its conduct was consistent with the law." *Zavala-Alvarez*, 617 F. Supp. 3d at 890 (quotation marks omitted). Good faith is an affirmative defense which Defendant has neither pleaded nor proven. *Id.* Thus, the Court must award Plaintiff $588 in liquidated damages pursuant to § 216(b) of the FLSA.

      **iii.**    **Costs and Attorneys' Fees**

As the prevailing party, Plaintiff is entitled to receive reasonable attorneys' fees and costs pursuant to both the FLSA and IMWL. 29 U.S.C. § 216(b) ("The court in [a successful FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action."); 820 ILCS 105/12(a) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the [IMWL], the employee may recover in a civil action . . . costs and such reasonable attorney's fees as may be allowed by the Court . . . ."). "While the award of fees is mandatory, the district court has wide latitude in determining the amount of the fee." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999) (quotation marks omitted).

To determine the amount of fees owed, the Court uses the "lodestar method" by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011), but the court has discretion to adjust the fee award based on various factors including "the complexity of the legal issues involved [and] the degree of success obtained," *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (quotation marks omitted). The most important factor that could warrant an adjustment to the fee award "is the degree of success on the merits, especially 'where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.'" *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (quoting *Hensley*, 461 U.S. at 434). "[T]he party seeking fees bears the burden of proving the reasonableness of the hours worked and rates claimed." *Lin v. Zhang*, No. 20-cv-03186, 2023 WL 7157567, at *2 (C.D. Ill. Oct. 31, 2023).

Plaintiff's attorney, Alexander Taylor, provides a declaration, signed under penalty of perjury, attesting that his firm spent a total of 10.5 hours on Plaintiff's case, incurring a total of $4,077.50 in fees and $600 in costs. *See generally* Taylor Decl., Mot. Default J. Ex. A, ECF No. 11-1 at 1–3; Detail of Hours, Taylor Decl. Ex. 1, ECF No. 11-1 at 4–5. The reasonableness of

7

the time expended is shown by the Detail of Hours which specifies both "the total number of hours involved [and] the particular tasks to which the attorney devoted his or her time." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009). None of the time entries is "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, and the Court finds 10.5 hours to be a reasonable amount of time spent on this litigation.

A reasonable hourly rate should reflect the local market rate. *Montanez*, 755 F.3d at 553. "The best evidence of the market rate is the amount the attorney actually bills for similar work," *id.*, and "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

If a court determines that an attorney's "proffered rate overstates the value of an attorney's services, it may lower them accordingly," *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003), but must provide "a concise but clear explanation of its reasons" for doing so, *Uphoff*, 176 F.3d at 409 (quotation marks omitted). Here, the Court finds that a reduction in rate is warranted for two reasons: (1) Mr. Taylor failed to meet his burden to provide evidence to support his requested rate, and (2) Plaintiff was only partially successful in this suit.

Mr. Taylor requests an hourly rate of $475 for himself and $195 for his staff. Taylor Decl. 1–2. But he provides *no* evidence to support these rates. He does not provide evidence of what he or any other attorney in the area actually charges paying clients for similar work. He does not provide evidence of any fee awards he has recently received in similar cases. Nor does he provide any evidence of his own skill, experience, or reputation. Even if his affidavit contained any evidence to show why $475 is a reasonable rate for his services—which it does

8

not—"[a]n attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 556 (7th Cir. 1999); *cf. Nichols v. Ill. Dep't of Transp.*, No. 12-cv-1789, 2019 WL 157915, at *3 (N.D. Ill. Jan. 10, 2019) (reducing attorney's hourly rate because the six affidavits submitted as evidence did not "provid[e] [the attorneys'] own market rates or the rates comparable attorneys charge for similar work"), *aff'd*, 4 F.4th 437 (7th Cir. 2021).

Moreover, the Court finds it appropriate to reduce the hourly rate to account for Plaintiff's partial success. Though the Complaint sought 5% penalty damages under the IMWL, Compl. ¶ 34 (citing 820 ILCS 105/12(a)),[4] the motion for default judgment does not request such relief, *see* Mot. Default J. 4–5 (requesting only post-judgment interest pursuant to 28 U.S.C. § 1961(a)). The Court will not grant relief that was not requested on default judgment. *See Delta Faucet Co. v. Watkins*, No. 1:23:cv-00200-JMS-CSW, 2023 WL 8527092, at *3 n.3 (S.D. Ind. Dec. 8, 2023); *GS Holistic, LLC v. MKE Vapor, Inc.*, No. 23-CV-750-JPS-JPS, 2023 WL 8238953, at *5 n.6 (E.D. Wis. Nov. 28, 2023). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," *Hensley*, 461 U.S. at 435, but where, as here, a plaintiff has obtained only partial success, a court is within its discretion to reduce the hourly rate and fee award, *see Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 757 (7th Cir. 2022).

Because Mr. Taylor provided no evidence regarding his actual billing rate or expertise or the market rate, the Court turns to rates awarded by other courts in this district and finds $350 to

---

[4] Under the IMWL, Plaintiff could have recovered treble damages, in addition to FLSA liquidated damages, and 5% interest "of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a); *Calderon v. J. Younes Constr. LLC*, No. 12 C 3793, 2013 WL 3199985, at *8 (N.D. Ill. June 23, 2013) ("[The IMWL] penalty is imposed over and above the damages, including liquidated damages, that are available under the FLSA.").

9

be a reasonable hourly rate for Mr. Taylor's services in this case. *See Lin*, 2023 WL 7157567, at *3–6 (reducing attorneys' hourly rates to $350 to reflect, among other things, "the prevailing market rate in the Central District of Illinois" and "the relatively uncomplex nature of th[e] dispute" in a case involving the IMWL and FLSA). As for Mr. Taylor's staff, the Court finds the requested rate of $195 to be a reasonable hourly rate. *See Wenckaitis v. Specialty Contractors, Inc.*, No. 20-cv-03743, 2024 WL 4346688, at *3 (N.D. Ill. Sept. 30, 2024) (finding a $215 hourly rate for paralegals to be reasonable); *Gunn v. Stevens Sec. & Training Servs., Inc.*, No. 17-cv-06314, 2020 WL 5593747, at *3 (N.D. Ill. Sept. 18, 2020) (finding a $190 hourly rate for paralegals to be reasonable). The Court awards Plaintiff $3,171.25 in attorneys' fees.[5]

In addition to attorneys' fees, Plaintiff requests $600 in costs to recoup "the costs of filing the Complaint and serving the same." Taylor Decl. ¶ 7. Costs for filing fees and service of process are recoverable pursuant to 28 U.S.C. § 1920; *see also Alvarez v. Regions Com. Roofing Inc*, No. 4:21-cv-04190-SLD-JEH, 2024 WL 4339592, at *8 (C.D. Ill. Sept. 27, 2024). The docket reflects that Plaintiff paid $405 in filing fees, which is allowed. *See Lin*, 2023 WL 7157567, at *8. The remaining amount—$195—is presumably intended to cover process server fees. Costs for private process servers are recoverable under 28 U.S.C. § 1920(1) "provided that the rates charged by the process servers do not exceed those charged by the U.S. Marshals to effectuate service of process." *Id.* When the U.S. Marshals serve process personally, it costs $65 per hour for each item served plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Plaintiff provides no evidence to support her request for $195 to reimburse process server fees and "the Court will not award potentially unjustified costs based upon speculation." *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066,

---

[5] The Court calculates the reasonable attorneys' fees owed as follows: (7.25 hours x $350 per hour for Mr. Taylor) + (3.25 hours x $195 per hour for his staff).

10

at *8 (N.D. Ill. Mar. 31, 2003). Instead, the Court limits recovery to the minimum charge of the U.S. Marshals for personal service, which is $65 per incident of service. The Court therefore awards Plaintiff $470 in costs.

In total, the Court awards Plaintiff $ 3,171.25 in attorneys' fees and $470 in costs pursuant to the FLSA and IMWL.

### c. Discovery Pursuant to Federal Rule of Civil Procedure 69(a)(2)

Plaintiff asserts that "[t]here is a likelihood that the Defendant will not satisfy the Default Judgment once entered" and therefore requests leave of Court to conduct discovery to facilitate collection of the judgment. Mot. Default. J. 6–7. Rule 69(a)(2) provides that a judgment creditor, such as Plaintiff here, "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located" to aid in the collection or execution of a judgment. *See Evans v. Chi. Football Franchise Ltd. P'ship*, 127 F.R.D. 492, 493 (N.D. Ill. 1989) (holding that the plaintiff could use Rule 69(a) to obtain discovery from the defendant to collect on a default judgment). Plaintiff's request for leave to conduct discovery for the narrow purpose of aiding in the execution and collection of the judgment pursuant to Rule 69(a)(2) is therefore GRANTED. *See Douglas v. JC Johnson Enters., Inc.*, No. 23-cv-03544-DWD, 2024 WL 1055220, at *1 (S.D. Ill. Feb. 6, 2024).

## CONCLUSION

For the foregoing reasons, Plaintiff Sara Barwick's Motion and Memorandum of Law in Support of Motion for Final Default Judgment and Damages, ECF No. 11, is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $4,817.25—comprised of $588 in unpaid overtime compensation, $588 in FLSA liquidated damages, $3,171.25 in attorneys' fees, and $470 in costs—plus automatic post-judgment interest pursuant to 28 U.S.C. § 1961(a). Plaintiff

11

is additionally granted leave to conduct discovery for the narrow purpose of aiding in the execution and collection of the judgment pursuant to Federal Rule of Civil Procedure 69(a)(2).

The Clerk is directed to enter judgment and close the case.

Entered this 5th day of March, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE